IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEAL O'FLAHERTY and
DYLAN O'FLAHERTY,

      Plaintiffs,

v.                                                           No. 1:22-cv-00230-DHU-JHR

NUSENDA FEDERAL CREDIT UNION,
JUDY CARTMELL,
JOE CHRISTIAN,
DENISE IRION, and
JOHN LANDIS,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiffs, who are proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915, opened accounts at a Nusenda Federal Credit Union. In their original Complaint, Plaintiffs alleged that Nusenda supplied another individual with Plaintiffs' banking records at Nusenda with the assistance of Nusenda employees. *See* Complaint at 5, ¶ 19, Doc. 1, filed March 28, 2022. Plaintiffs also alleged that after they informed Nusenda about the "illegal disclosure of [their] private financial records," Defendants Judy Cartmell, John Landis, Denise Irion, and Joe Christian, in their positions as Nusenda's Board of Directors, "retained legal representation ... for the sole purpose of continuing to unlawfully disenfranchise [Plaintiffs] from their guaranteed legal rights as customers/owners of Nusenda through unlawful coercion, harassment, and intimidation on the part of Allan L. Wainwright" and refuse to provide Plaintiffs with "all of their banking records." Complaint at 6-8, ¶¶ 22, 26, 34-35. Plaintiffs asserted claims pursuant to 42 U.S.C. § 1983 and state law. *See* Complaint at 1-2.

United States Magistrate Judge Jerry H. Ritter notified Plaintiffs that the Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 because it does not allege that any Defendant deprived Plaintiffs of a right secured under federal law while acting under the color of state law. *See* Doc. 9 at 4, filed May 2, 2022.  Judge Ritter ordered Plaintiffs to file an amended complaint.

**Amended Complaint**

Plaintiffs assert claims pursuant to 42 U.S.C. § 1983 against Nusenda Federal Credit Union and four members of Nusenda's Board of Directors stating:

> Defendants violated Plaintiffs' constitutional and statutory rights to equal protection of the laws pursuant to 42 U.S.C. § 1983 when Defendants engaged in intentional retaliation under color of law
> ....
>
> Upon informing Defendant Nusenda of Edward Clint Allen's successful illegal data breach on Plaintiff's private financial records, Plaintiffs were made subject to an unwelcome, outrageous, pervasive, and unrelenting campaign of retaliation for lawfully reporting criminal activity of Edward Clint Allen and unknown Nusenda employees when:
>
> > a. Defendants retained the services of [attorney] Allan L. Wainwright to unlawfully bully, coerce, harass, and intimidate Plaintiffs through Defamation by Libel.
> > ....
> > c. Defendants and attorney Allan L. Wainwright unlawfully and fraudulently concealed and withheld from Plaintiffs their own personal, private financial records.
>
> The behavior of each Defendant is in violation of 42 U.S.C. § 1983, as this behavior has criminally violated numerous legally guaranteed civil rights of Plaintiffs.

Amended Complaint at 8-10, ¶¶ 39-43, Doc. 15, filed May 23, 2022.  Plaintiffs also assert state law claims for breach of contract, breach of fiduciary duty, defamation and negligence.  *See* Complaint at 2.

The Amended Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 because there are no allegations showing that Defendants acted under color of state law.  *See Schaffer v. Salt*

*Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law"). To be a state actor, a person must either be a public employee or a private individual who shares a common, unconstitutional goal with, and acts in concert with, a state official to deprive another person of their federally protected rights. *See Schaffer v. Salt Lake City Corp.*, 814 F.3d at 1156-57. The allegations in the Amended Complaint do not show that Defendants are public employees or acted in concert with state officials with the goal of depriving Plaintiffs of federally protected rights.

The Court dismisses Plaintiffs claims pursuant to 42 U.S.C. § 1983 for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

**Jurisdiction**

Plaintiffs state that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (providing jurisdiction for actions arising under federal law), 28 U.S.C. § 1343(a)(4) (providing jurisdiction to recover damages under any Act of Congress providing for the protection of civil rights), and 18 U.S.C. § 242. *See* Complaint at 2, ¶ 2. 18 U.S.C. § 242 is a criminal statute which is not applicable to this case because "criminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003). The Amended Complaint does not assert that the Court has diversity jurisdiction over this matter. *See* Complaint at 1-2, ¶¶ 1-2.

Having dismissed all of Plaintiffs' claims pursuant to federal law, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims and dismisses this case without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise

supplemental jurisdiction over a claim ... if ...the district court has dismissed all claims over which it has original jurisdiction"); *George v. Newman*, 726 Fed.Appx. 699, 708 (10th Cir. 2018) ("[i]f federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice") (quoting *Brooks v. Gaenzle*, 614 F.3d 1213, 1229-30 (10th Cir. 2010)).

**Plaintiffs' Motion for Service**

The Court denies Plaintiffs' Motion for service of process on Defendants because the Court is dismissing this case.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.** This Memorandum Opinion and Order does not preclude Plaintiffs from asserting state-law claims in state court.

(ii) Plaintiffs' Motion for Service, Doc. 16, filed May 23, 2022, is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**